UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| BLAKE TALLANT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 3:15-CV-459-TAV-HBG |
| | ) | |
| GRADY PERRY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the Court on three motions filed by Petitioner; a response to the first motion submitted by Warden Grady Perry; and Petitioner's reply to the response [Docs 20-24]. The Court will address the motions in the order in which they were filed.

**I. Motion to Expand the Record**

Petitioner's first motion seeks an expansion of the record to include jury questionaires [Doc. 20]. In support of the motion, Petitioner argues that the Tennessee Court of Criminal Appeals ("TCCA") stated in its opinion during post-conviction appellate review that it needed the jury questionnaires "to fully review the Petitioner's claim," which he has now raised as Ground Two in his habeas corpus petition and that the box of records forwarded to him by Respondent did not contain those questionnaires [*Id*.].

Warden Perry has responded in objection to Petitioner's motion, acknowledging that the jury questionnaires are not included in the state court record he submitted [Doc. 23]. However, the Warden attributes that omission to Petitioner himself who failed to include the jury questionnaires in his appellate record—a fact made manifest by the TCCA in its opinion,

wherein it states that "the defendant has not included the jury questionaires in the appellate record." *State v. Tallant*, No. E2006-02273-CCA-R3-CD, 2008 WL 115818, at *18 (Tenn. Crim. App. Jan. 14, 2008), *perm. app. denied* (Tenn. June 30, 2008).

Respondent also points out that the TCCA did not state that it "needed these documents in order to fully review Petitioner's claim," as Petitioner now asserts, and that, despite the absence of the jury questionnaires in the appellate record, the TCCA adjudicated the claim on its merits. Citing to *Cullen v. Pinholster*, 563 U.S. 170 (2011), Respondent correctly observes that the Supreme Court has held that habeas corpus review under 28 U.S.C § 2254(d)(1) is limited to the record that was before the state court which adjudicated the claim on its merits [*Id*. p.3 (citing *Pinholster*, 563 U.S. at 170)].

Petitioner replies that no harm results if the Court grants his motion and expands the record to include the questionnaires, but later determines that *Pinholster* precludes consideration of the questionnaires and exercises its prerogative to disregard those questionnaires [Doc. 24].

Respondent's argument is legally sound; Petitioner's is not. "If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Pinholster,* 563 U.S. at 185.

The Sixth Circuit, following *Pinholster*, time upon time, has rejected consideration of evidence involving an adjudicated claim if the evidence was not presented to the state courts. *King v. Berghuis*, 744 F.3d 961, 972 (6th Cir. 2014) ("*Pinholster* will not allow a petitioner to introduce new evidence to show an unreasonable application of Supreme Court law under § 2254(d)[.]"); *Moore v. Mitchell*, 708 F.3d 760, 784 (6th Cir. 2013) ("We hold that *Pinholster* is applicable to this case . . . [and w]e may not consider additional evidence not presented to the

state courts on this claim"); *McClellan v. Rapelje*, 703 F.3d 344, 351 (6th Cir. 2013) ("*Pinholster* . . . applies to limit consideration of additional evidence when the state court has previously decided the same merits issue later presented to the federal court."); *Campbell v. Bradshaw*, 674 F.3d 578, 585-86 (6th Cir. 2012) (observing that "'review under § 2254(d)(1) is limited to the record that was before the state court'" quoting *Pinholster*, 563 U.S. at 181).

*Pinholster*'s proscription on receipt and consideration of new evidence relative to adjudicated claims likewise has been applied to motions to expand the record under Rule 7 of the Rules Governing Section 2254 Cases In The United States District Courts. *Bates v. Bauman*, No. 2:12-CV-167, 2015 WL 4247825, at *8 (W.D. Mich. July 13, 2015) (noting that courts reject "a petitioner's effort to expand the record" unless "the conditions under section 2254(e)(2) for an evidentiary hearing" have been met) (listing cases); *Champ v. Zavaras*, 431 F. App'x 641, 655 (10th Cir. 2011) (finding that, under *Pinholster*, "requests to expand the record . . . to place new evidence before the federal court that was not a part of the state-court record . . [are] no longer permitted").

Therefore, the Court finds that, under *Pinholster*, it does not have the "prerogative" to expand the record to include jury questionnaires which were not included in the appellate record when the TCCA adjudicated Petitioner's claim and, accordingly, **DENIES** his motion to expand the record [Doc. 20].

## II.   MOTION TO APPOINT COUNSEL

Petitioner next moves for the appointment of counsel to represent him in these habeas corpus proceedings [Doc. 21]. Petitioner suggests that the issues presented in his § 2254 are complex and "may need further clarification to simplify the process;" that prisoners in the facility wherein he is housed are provided access to LEXIS NEXIS quarterly updates, but not to

3

WestLaw; and that an inmate legal aide drafted his petition because Petitioner is unable "to understand the intricacies of the law" [*Id*. p.2].

The constitutional right to counsel in criminal prosecutions does not apply to habeas corpus cases. *Barker v. Ohio*, 330 F.2d 594, 595 (6th Cir. 1964). Rather, the appointment of counsel for an indigent inmate in a non-capital case is discretionary, unless an evidentiary hearing is ordered. *See* Rule 8(c), Rules Governing Section 2254 Cases In The United States District Courts. In exercising discretion as to whether to appoint counsel, several factors should be considered, including the nature of the case, whether the issues are legally or factually complex, and a petitioner's ability to present his claims to the court. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

The claims set forth in the petition are not complex, but instead are relatively straightforward. They include claims involving the sufficiency and admission of evidence; jury sequestration; double jeopardy; and ineffective assistance of counsel—all issues which are quite familiar to a federal habeas court. Additionally, Petitioner has access to a legal research service, and seems well able to present his claims and arguments to the Court.

Accordingly, the Court finds that appointment of counsel is not warranted at this time and **DENIES** Petitioner's motion to appoint counsel [Doc. 21].

### III. MOTION FOR AN EVIDENTIARY HEARING

In his final motion, Petitioner requests an evidentiary hearing on the issues presented in his § 2254 petition, specifically his claims of ineffective assistance of counsel [Doc. 22]. Under AEDPA, as stated in *Pinholster*, a federal habeas court's consideration of an adjudicated claim is limited to the state court record, which means that evidentiary hearings are not permitted on such a claim. *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013) (noting that the decision in

*Pinholster* precludes district courts from holding evidentiary hearings on claims decided on the merits by a state court); *Jackson v. Lafler*, 453 F. App'x 620, 624, 2011 WL 6382099, at *4 (6th Cir. Dec. 21, 2011); *Robinson v. Howes*, 663 F.3d 819, 823–24 (6th Cir. 2011).

With regard to the ineffective assistance of trial counsel claim in Ground Seven of the petition, which allegedly was procedurally defaulted in state courts due to ineffective assistance by post-conviction counsel, *see Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (finding that ineffective assistance of counsel at initial-review collateral proceedings may establish cause for a procedural default of an ineffective assistance of trial counsel claim), the Court believes that it can resolve the issue of procedural default based on the record as it exists and, therefore, finds that, at this time, an evidentiary hearing is unnecessary. *See Schriro v. Landrigan*, 550 U.S. 465, 474-75 (2007).

Therefore, Petitioner's motion for an evidentiary hearing is **DENIED** [Doc. 22

**IT IS SO ORDERED**.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE